[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14104-J

_____

IN RE: EMILIO GOMEZ,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before ED CARNES, Chief Judge, WILSON, and MARTIN, Circuit Judges.

ORDER:

Emilio Gomez has filed a pro se application for permission to file a

28 U.S.C. § 2255 motion based on Johnson v. United States, 576 U.S. ___, 135 S.

Ct. 2551 (2015).  Because Gomez already filed one § 2255 motion, his new motion

must be "certified as provided in section 2244 by a panel of the appropriate court

of appeals to contain . . . a new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court, that was previously unavailable."  28

U.S.C. § 2255(h)(2).  "The court of appeals may authorize the filing of a second or

successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

Gomez was sentenced under 18 U.S.C. § 924(c), which requires a longer prison sentence whenever a defendant uses a firearm during a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute gives more than one definition of "crime of violence," including any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). Gomez claims this definition is unconstitutional in light of Johnson, which held that the phrase "involves conduct that presents a serious potential risk of physical injury to another" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.

We recently ruled that Johnson could invalidate the "very similar" § 924(c)(3)(B) language. In re Pinder, __ F.3d __, __, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016). At the same time, we recognized that the "law is unsettled" on this question and left it to the district court to decide in the first instance. Id. Pinder involved a § 924(c) sentence that was based on the companion conviction of conspiracy to commit Hobbs Act robbery.

2

## I.

Gomez was charged with conspiracy to possess with intent to distribute cocaine (Counts 1 and 2); conspiracy to commit Hobbs Act robbery (Count 3); attempted Hobbs Act robbery (Count 4); carrying and possessing a firearm "in relation to a crime of violence and a drug trafficking crime" (Count 5); and being a felon-in-possession of a firearm (Count 6).

Count 5, the § 924(c) count, charged Gomez with carrying and possessing a firearm "in relation to a crime of violence and a drug trafficking crime," and referred to two drug trafficking crimes (Counts 1 and 2); conspiracy to commit Hobbs Act robbery (Count 3); as well as the crime of attempted Hobbs Act robbery (Count 4), presumably offering each as a possible predicate for the § 924(c) charge. Of course, conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, and possession with intent to distribute are separate and distinct offenses. It follows, then, that a § 924(c) crime based on any one of these separate companion convictions would likewise be a separate offense. Indeed § 924(c) penalizes using, carrying, or possessing a firearm "during and in relation to any crime of violence <u>or</u> drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). The statute therefore establishes either "crimes of violence" or a "drug trafficking crime" as possible and alternative predicate offenses.

3

In <u>United States v. Schlei</u>, 122 F.3d 944 (11th Cir. 1997), we held that "[a]

count in an indictment is duplicitous if it charges two or more 'separate and

distinct' offenses." <u>Id.</u> at 977 (quotation omitted).  We noted that "[a] duplicitous

count poses three dangers: (1) A jury may convict a defendant without

unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a

subsequent double jeopardy defense; and (3) A court may have difficulty

determining the admissibility of evidence." <u>Id.</u>

Gomez's indictment, which lists "a crime of violence and a drug trafficking

crime" as the companion convictions for his § 924(c) offense, suffers from this

infirmity.  And his case demonstrates the "dangers" that may lurk in indictments

that list multiple potential predicate offenses in a single § 924(c) count.  Count 5 of

his indictment alleges that he used and possessed a firearm during two drug

trafficking offenses and an attempted Hobbs Act robbery on the same day, as well

as an ongoing conspiracy to commit Hobbs Act robbery that lasted two weeks.  It

is certainly possible that the government may have presented evidence that Gomez

"possessed" a firearm at some point during the ongoing Hobbs Act conspiracy.

But, the evidence may likewise have shown that he left that firearm at home for the

drug trafficking crimes, or the attempted robbery.  And we can't know what, if

anything, the jury found with regard to Gomez's connection to a gun and these

4

crimes.  That is because the jurors had multiple crimes to consider in a single count, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm.  Or, they could have unanimously agreed that he possessed a firearm at some point during the Hobbs Act conspiracy, but not during the drug trafficking crime.  Either way, a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of predicate offenses, or guilty of conspiring during some and not others.

This lack of specificity has added significance because § 924(c) "increases [the] mandatory minimum" based on a finding that the defendant "used or carried a firearm" (mandatory minimum of five years), "brandished" a firearm (seven years), or "discharged" a firearm (ten years).  See Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151, 2155 (2013).  Alleyne held that because these findings "increase the mandatory minimum sentence," they are "elements and must be submitted to the jury and found beyond a reasonable doubt."  Id. at 2158.  An indictment that lists multiple predicates in a single § 924(c) count allows for a defendant's mandatory minimum to be increased without the unanimity Alleyne required.  For example, half of the jury may have believed that Gomez used the

5

gun at some point during his Hobbs Act conspiracy, and the other half that he did so only during the drug trafficking offense. The way Gomez's indictment is written, we can only guess which predicate the jury relied on. It's possible that we can make a guess based on the PSI or other documents from Gomez's trial or sentencing. But Alleyne expressly prohibits this type of "judicial factfinding" when it comes to increasing a defendant's mandatory minimum sentence. Id. at 2155.

## II.

In Pinder, we granted an application for a defendant to challenge a § 924(c) conviction based on the companion crime of conspiracy to commit Hobbs Act robbery. Since the jury may have found that Gomez only "possessed" a firearm during his Hobbs Act conspiracy offense, we also grant his application.

We also reach this decision because another one of Gomez's potential predicate offenses—attempt to commit Hobbs Act robbery—may not "categorically" qualify as a crime of violence for purposes of § 924(c)'s elements clause. See United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013) (Whether an offense qualifies as a crime of violence under the elements clause is a question "that we must answer 'categorically'—that is, by reference to the elements of the offense, and not the actual facts of [the applicant's] conduct.").

6

Although we have held that Hobbs Act robbery qualifies as an elements-clause predicate, we have yet to consider attempted Hobbs Act robbery. And it is unsettled in our precedents whether a defendant can be convicted of attempted Hobbs Act robbery even if he did not take substantial steps towards using or threatening the use of force. In other words, "the plausible applications of" attempted Hobbs Act robbery might not "all require the [attempted] use or threatened use of force." See id. Hence, that type of conviction may not categorically qualify as an elements-clause predicate. See id. It follows that Gomez's conviction for attempted Hobbs Act robbery implicates § 924(c)'s residual clause and Johnson.

As in Pinder, the question of whether Johnson invalidates Gomez's "sentence must be decided in the first instance by the District Court." Pinder, 2016 WL 3081954, at *2. Also, though the one-year statute of limitations for § 2255 motions based on Johnson expired recently, "whether a § 2255 motion will be timely is not relevant to whether the applicant can obtain permission to bring a second or successive § 2255 motion." In re Jackson, No. 16-13536-J, 2016 WL 3457659, at *3 (11th Cir. June 24, 2016). We therefore "leave questions about the timeliness of [Gomez's] motion to the District Court to decide in the first instance." Id. at *6.

7

It is the job of the district court to decide every aspect of Gomez's motion "fresh, or in the legal vernacular, <u>de novo</u>." <u>Jordan v. Sec'y, Dep't of Corr.</u>, 485 F.3d 1351, 1358 (11th Cir. 2007). As usual, "whatever determination that the district court makes about whether [Gomez] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal." <u>In re Moss</u>, 703 F.3d 1301, 1303 (11th Cir. 2013). Should an appeal be filed from the district court's determination, "nothing in this order shall bind the merits panel in that appeal." <u>Id.</u>

**APPLICATION GRANTED**.

8

ED CARNES, Chief Judge, concurring:

Emilio Gomez was sentenced under 18 U.S.C. § 924(c)(1)(A) for using, carrying, or possessing a firearm "during and in relation to any crime of violence or drug trafficking crime." The indictment identifies at least four possible predicate offenses: two drug trafficking crimes, conspiracy to commit Hobbs Act robbery, and attempted Hobbs Act robbery. The majority holds that because it is unclear which crime served as the predicate offense for Gomez's sentence under § 924(c), he has made a prima facie showing that his conviction may — not that it does, but it may — implicate § 924(c)'s residual clause and Johnson. I don't disagree with that.

One statement in the order does deserve clarification. It states that the Pinder decision "ruled that Johnson could invalidate the 'very similar' § 924(c)(3)(B) language." Maj. Opn. at 2 (citing In re Pinder, No. 16-12084, __ F.3d __, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016)). That statement should not be read to mean that Johnson does invalidate that language. What it means, and what Pinder ruled, is that because the validity of § 924(c)(3)(B)'s residual clause is an open question a prima facie case had been established. How the issue should be decided is left to the district court initially and then to this Court, if there is an appeal.

9

The order also states that the question of whether the crimes of conspiring or attempting to commit Hobbs Act robbery categorically qualify as crimes of violence for purposes of § 924(c) is an open one, see Maj. Opn. at 6–7, and that it is unclear whether Gomez was sentenced on the basis of those crimes for purposes of § 924(c) or instead on the basis of his drug trafficking crimes, which clearly do qualify as predicate offenses. The district court will determine, in the first instance, which crimes constitute the basis for Gomez's § 924(c) sentence. If the drug trafficking crimes are the basis for Gomez's § 924(c) sentence, then Johnson is inapplicable and the court's analysis must end. If conspiring or attempting to commit Hobbs Act robbery are the basis for Gomez's sentence, then the court must determine whether those crimes qualify as crime of violence for purposes of § 924(c).

And, as the order states, "[s]hould an appeal be filed from the district court's determination, 'nothing in this order shall bind the merits panel in the appeal.'" Maj. Opn. at 8. Nothing.

10