**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff-Appellee,<br><br>  v.<br><br>RUDY ESPUDO,<br><br>               Defendant-Appellant. | No.  17-55643<br><br>D.C. Nos.  3:16-cv-01433-GPC<br>              3:12-cr-00236-GPC-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>               Plaintiff-Appellee,<br><br>  v.<br><br>MIGUEL GRADO, AKA Kathy, AKA Kieto,<br><br>               Defendant-Appellant. | No.  17-55644<br><br>D.C. Nos.  3:16-cv-00738-GPC<br>              3:12-cr-00236-GPC-4<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  KLEINFELD, GILMAN,[**] and NGUYEN, Circuit Judges.

Rudy Espudo and Miguel Grado appeal from the district court's denial of their motions to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255.  The defendants each pleaded guilty to, among other things, one count of violating 18 U.S.C. § 924(c) for brandishing a firearm (as to Espudo) and discharging a firearm (as to Grado) in relation to a crime of violence (a conspiracy under RICO, the Racketeer Influenced and Corrupt Organizations Act) and a drug-trafficking crime (a conspiracy to distribute controlled substances).

In their § 2255 motions, the defendants asked that the court vacate and correct their sentences under § 924(c)(1).  Specifically, they argued that they were sentenced pursuant to the residual clause in § 924(c)(3)'s definition of a "crime of violence," which they claimed to be unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The district court denied their motions, holding that because the defendants' § 924(c) convictions were predicated on both a crime of violence *and* a drug-trafficking crime, they would have necessarily been subject to the mandatory enhanced sentence under § 924(c) notwithstanding *Johnson*.

---

[**]  The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## I. Plea Colloquies

As the district court explained, if the defendants' § 924(c) convictions were predicated on both a RICO conspiracy and a conspiracy to distribute controlled substances, then they are not eligible for *Johnson* relief. The defendants, however, contend that their § 924(c) convictions rested solely on acts involving a crime of violence and that neither defendant admitted to facts supporting a conviction of brandishing or discharging a firearm in relation to a drug-trafficking crime during their plea colloquies.

Their argument is contradicted by the record. During Espudo's plea colloquy, he admitted that (1) he entered into an agreement to participate in the activities of the Mexican Mafia, a gang that controls drug distribution within certain penal institutions; (2) he was a senior member of the Mafia and oversaw its collection of tax money from other gangs; (3) he agreed to distribute either 500 grams or more of a mixture containing methamphetamine, or 50 grams of actual methamphetamine, and a portion of the proceeds were provided to him in the form of tax payments; (4) on November 16, 2011, he directed his associates to rob a drug dealer who failed to pay tax money on behalf of the Mafia; and (5) although he was not present for the robbery, it was foreseeable that one of his associates brandishing a shotgun at the drug dealer. Espudo's § 924(c) conviction was therefore based on both a crime of violence and a drug-trafficking crime.

In similar fashion, Grado admitted during his plea colloquy that (1) he was a member of the Diablos Gang, which operated under the umbrella of the Mexican Mafia, and that he acted as a "shot-caller" who oversaw the collection of tax money; (2) he collected tax payments by intimidation, force, or threat of force from various drug dealers who operated within the Diablos Gang's territory; (3) he sold approximately 13.8 grams of methamphetamine, and distributed, possessed with the intent to distribute, or conspired with other gang members to distribute methamphetamine or cocaine; (4) he demanded a meeting with a local drug dealer after that dealer shorted Grado's coconspirator on the amount of methamphetamine to be delivered; and (5) even though the drug dealer ultimately provided Grado's coconspirator with the shorted methamphetamine, Grado went to the dealer's residence and either shot him or aided and abetted his coconspirator in shooting him. Grado's § 924(c) conviction was therefore similarly based on both a crime of violence and a drug-trafficking crime.

## II.    Claim of Duplicitous Counts

The defendants also contend on appeal that a § 924(c) conviction cannot be predicated on both a crime of violence and a drug-trafficking crime because it would create an impermissibly duplicitous indictment. They rely on *In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016), in which the Eleventh Circuit held that the defendant had made a prima facie showing for purposes of 28 U.S.C.

4

§ 2244(b)(3)(C), that his conviction, based on a single count, might have implicated § 924(c)'s residual clause and *Johnson*. In *Gomez*, the defendant was charged in a single count of violating § 924(c), referencing two drug-trafficking offenses and an attempted Hobbs Act robbery on the same day, as well as an ongoing conspiracy to commit Hobbs Act robbery spanning two weeks as potential predicates. Because the defendant might have "carried and possessed" the firearm during any of these separate underlying offenses (and not others), the Eleventh Circuit was left guessing as to which predicate the jury relied on for the § 924(c) conviction.

But *Gomez* is inapposite. In the present case, the defendants were each charged with violating § 924(c) for brandishing or discharging a firearm on only one occasion. The defendants just happened to commit two separate predicate offenses while brandishing or discharging that firearm—a RICO conspiracy that was inextricably intertwined with a conspiracy to distribute controlled substances.

Nor is this a situation in which the defendants were charged with multiple § 924(c) offenses for "using the same firearm *one* time to simultaneously further *two* different conspiracies." *See United States v. Vichitvongsa*, 819 F.3d 260, 266 (6th Cir. 2016) (emphases in original) (holding that the defendant who used a firearm while simultaneously committing two predicate offenses could not be convicted on two § 924(c) counts). Here, the defendants were each charged with

only one count of violating § 924(c).  The defendants' § 924(c) convictions were therefore legally permissible.

### III. Other Issues

Because the defendants' § 924(c) convictions were based in part on drug-trafficking crimes, they are not entitled to *Johnson* relief.  We thus have no need to decide whether the residual clause in § 924(c)(3)'s definition of a crime of violence is unconstitutionally vague.  Nor do we address whether the defendants' *Johnson* argument is procedurally defaulted for failing to raise the issue on direct appeal or is waived by their guilty pleas.

**AFFIRMED**.