[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11615
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22447-JEM; 1:05-cr-20079-JEM-2

JHONNY CALDERON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 21, 2020)

Before WILSON, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jhonny Calderon, a federal prisoner, appeals the district court's denial of his

28 U.S.C. § 2255 motion to vacate his sentence for conspiracy to commit Hobbs

Act robbery, in violation of 18 U.S.C. § 1951(a), and using, carrying, and

brandishing a firearm in furtherance of a crime of violence, in violation of 18

U.S.C. § 924(c).  This Court granted a certificate of appealability (COA) on the

following three issues:

> 1.  Whether *United States v. Davis*, 139 S. Ct. 2319 (2019),[1]
> established a new constitutional right that is retroactively applicable to
> cases on collateral review?
>
> 2.  Whether *In re Gomez*, 830 F.3d 1225, 1226-28 (11th Cir. 2016),
> applies to cases involving a guilty plea to an indictment charging
> multiple companion offenses for an 18 U.S.C. § 924(c) count?
>
> 3.  If so, whether Mr. Calderon's 18 U.S.C. § 924(c) conviction and
> sentence are unconstitutional under *Davis*?

Since the COA was issued, our Court has decided the first issue.  In *In re*

*Hammoud*, we held that *Davis* announced a new rule of constitutional law that

applied retroactively to cases on collateral review.  931 F.3d 1032, 1038-40 (11th

Cir. 2019).

As to the other issues, Calderon argues that his indictment was improperly

duplicitous as it charged multiple § 924(c) offenses in a single § 924(c) count—one

based on Hobbs Act conspiracy and the other based on Hobbs Act robbery.  He

---

[1]  In *Davis*, the Supreme Court held the residual clause of § 924(c)(3)(B) was
unconstitutionally vague.  139 S. Ct. at 2336.

2

asserts because it is unclear which predicate formed the basis of the offense, this Court must use the lesser of the two predicates, the Hobbs Act conspiracy, to analyze the constitutionality of his § 924(c) offense.

After review,[2] we affirm the district court's denial of Calderon's § 2255 motion because Calderon's § 924(c) conviction was based not only on his non-qualifying Hobbs Act conspiracy offense, but also on his offense for Hobbs Act robbery, which qualifies as a crime of violence under § 924(c)'s elements clause.[3] *See Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (holding conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)'s elements clause and thus would only qualify as a predicate offense under the unconstitutional residual clause); *United States v. St. Hubert*, 909 F.3d 335, 349-50 (11th Cir. 2018) (holding a conviction for Hobbs Act robbery qualifies as a predicate offense under § 924(c)'s elements clause), *abrogated in part on other grounds by Davis*, 139 S. Ct. 2319.

---

[2] In a proceeding on a § 2255 motion, we review the district court's factual findings for clear error and the legal issues *de novo*. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

[3] The Government argues that Calderon has procedurally defaulted his *Davis* claim. Because Calderon cannot show his § 924(c) conviction is impacted by *Davis*, we need not resolve the procedural default issue.

## I.  BACKGROUND

In 2005, a grand jury indicted Calderon and his codefendants on the following charges:  (1) conspiracy to interfere with commerce by means of robbery (Count 1), in violation of 18 U.S.C. § 1951(a) (Hobbs Act conspiracy); (2) interference with commerce by means of robbery (Count 2), in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery); (3) conspiracy to use and possess a firearm during the commission of a crime of violence (Count 3), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (n); and (4) using and possessing a firearm during the commission of a crime of violence (Count 4), in violation of 18 U.S.C. § 924(c)(A) A)(ii).  In Count 4, the indictment specified the "crime of violence" was based on the offenses "set forth in Counts 1 and 2."  All counts were based on offenses that occurred on or about January 18, 2005.  Further, both Counts 1 and 2 related to the theft of funds from J.C. and M.C.

Calderon signed a written plea agreement on June 16, 2005, stating that he agreed to plead guilty to Count 1—Hobbs Act conspiracy, and Count 4—using and possessing a firearm during the commission of a crime of violence.  His plea to Count 4 stated:

> The defendant also agrees to plead guilty to Count 4 of the Indictment, which count charges the defendant with knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence, which is a felony prosecutable in a court of the United States, specifically violation of Title 18, United States Code, Section 1951(a), *as set forth in Count 1 and 2 of the Indictment*; all in

4

violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

The Government agreed to dismiss Count 2 and 3 after sentencing. On June 27, 2005, Calderon appeared in person with counsel before the district judge[4] and pleaded guilty to Counts 1 and 4. After Calderon was sworn, the district court inquired as to Calderon's guilt, and after being satisfied there was a factual basis for the plea, accepted Calderon's guilty plea and found him guilty as charged in Counts 1 and 4.

According to the presentencing investigation report (PSI), Calderon was one of the members of a conspiracy to commit robbery against two victims, a husband and wife, Julio and Maria Cruz, who owned and operated a check cashing and money transfer businesses. For about two months, members of the conspiracy surveilled the husband, who had previously been seen depositing large amounts of cash at the bank. On January 18, 2005, the conspiracy's surveillance team notified Calderon and four other co-conspirators that the husband was headed to the bank, followed by his wife in a second car. Calderon, who had a black gun, and his co-conspirators got into two different cars and followed the victims to the bank. After the victims pulled into the bank, the co-conspirators parked in front of and beside

---

[4] Although a transcript of the plea colloquy is unavailable, the record contains both the signed plea agreement and the minutes from the change of plea.

their vehicles, effectively boxing them in.  One of the co-conspirators punched and broke the wife's window, placed the barrel of a gun against her forehead, yelled at her to give him the money, and tried to grab her keys.  At the same time, Calderon and another co-conspirator pointed a gun at the husband, and one of them started hitting the husband in the face and head with a firearm and tried to get the husband to give him a bag of money.  As one of the co-conspirators continued to hit the husband, another broke the husband's window and grabbed a duffel bag containing $717,884 from the car.  The co-conspirators then fled the crime scene, and Calderon and his codefendants were apprehended after crashing into two other vehicles.  While it was disputed which of the co-conspirators possessed and brandished the firearms and who pistol-whipped the husband, it was known that Calderon and his codefendants all participated in the "violent robbery" of the victims.

## II.  APPLICABLE LAW

In *In re Gomez*, we granted a movant leave to file a second or successive § 2255 motion raising a *Johnson*[5]-based challenge to his § 924(c) conviction after a jury trial, where it was unclear from the indictment as to which of four possible companion crimes a single § 924(c) count related.  830 F.3d at 1226-28. Specifically, the movant's indictment charged him with violating § 924(c) by

---

[5]  *Johnson v. United States*, 135 S. Ct. 2551 (2015).

carrying a firearm in relation to "a crime of violence and a drug trafficking crime," and referenced as predicates two drug-trafficking offenses, as well as the offenses of conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. *Id.* at 1227-28. We noted that Gomez's indictment was duplicitous, as the single § 924(c) charge referenced multiple, distinct companion offenses. *Id.* at 1227. We stated that, because the indictment was duplicitous and the jury returned a general guilty verdict, it was impossible to tell whether the jury unanimously agreed that the § 924(c) count related to any one particular companion crime, or even all of them, thereby allowing Gomez's mandatory minimum to be increased without the unanimity required by *Alleyne v. United States*, 570 U.S. 99 (2013). *Gomez*, 830 F.3d at 1227-28. We stated that, though we could possibly "make a guess based on the PSI or other documents from [the movant's] trial or sentencing," *Alleyne* expressly prohibited judges from engaging in such "judicial factfinding" that would increase a defendant's mandatory minimum sentence. *Id.* at 1228.

Shortly after the COA issued in this case, this Court issued *In re Navarro*, which arose in the context of a duplicitous indictment where the defendant entered a guilty plea. 931 F.3d 1298, 1299-1300 (11th Cir. 2019). There, the movant applied for leave to file a successive § 2255 application, arguing that his conviction under § 924(c) was unconstitutional because, under *Davis*, his Hobbs Act conspiracy offense no longer qualified as a predicate crime of violence. *Id.* The

7

movant had been charged in the indictment with several crimes, including conspiracy to commit Hobbs Act robbery, conspiracy to distribute and possess with intent to distribute cocaine, attempted possession with intent to distribute cocaine, and carrying a firearm in furtherance of a crime of violence and in furtherance of a drug-trafficking crime, in violation of § 924(c). *Id.* at 1299. The indictment specified that his § 924(c) charge was predicated on both his Hobbs Act conspiracy offense and drug-trafficking offenses. *Id.* Pursuant to a written plea agreement, which clarified the § 924(c) charge was predicated on both a crime of violence and drug-trafficking crimes, the movant pled guilty to conspiracy to commit Hobbs Act robbery and the § 924(c) charge. *Id.* He signed both the plea agreement and the government's factual proffer, which set forth the details that gave rise to his charges. *Id.* At the change-of-plea hearing, he acknowledged he had read, understood, and signed both the plea agreement and the factual proffer, and the district court accepted his plea. *Id.*

We determined that, although the movant only pled guilty to the Hobbs Act conspiracy offense and a § 924(c) violation, "his plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes." *Id.* at 1302. We determined that, in particular, the factual proffer established the movant committed the charged drug trafficking crimes and carried a firearm while doing

8

so. *Id.* Accordingly, we held the movant had not shown his § 924(c) conviction was unconstitutional under *Davis*, "as his conviction was independently supported by the charged drug-trafficking crimes." *Id.* at 1303. We noted this case was distinguishable from our decision in *In re Gomez*, which "involved a jury trial, and because the jury returned a general verdict, it was unclear which crime or crimes the jury concluded actually supported the § 924(c) conviction." *Id.* at n.4. We determined the concerns raised in *Gomez* did not apply in this case because "there [was] no uncertainty as to which of the three predicate offenses identified in the indictment underlie [the movant]'s § 924(c) conviction. Instead, the plea agreement and factual proffer make clear the conviction was based on all three." *Id.*

Also instructive is our decision in *In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019). There, the movant was charged, in relevant part, under § 924(o), which "referenced multiple, distinct predicate offenses, including two carjackings, four drug crimes, and one conspiracy to commit Hobbs Act robberies of drug stash houses," and the jury returned a general guilty verdict. He applied for leave to file a successive § 2255 application, arguing in part that his § 924(o) conviction was invalid because the indictment charged multiple predicate offenses in a single § 924(o) count and his Hobbs Act conspiracy offense no longer qualified as a crime of violence. *Id.* at 1240-41. We noted there was "some indication" that the

9

§ 924(o) conviction did not rest solely on the Hobbs Act conspiracy offense given that the robberies were "inextricably intertwined" with the narcotics conspiracy offense, which the jury found proven beyond a reasonable doubt. *Id.* at 1243-44. In other words, we determined it would be difficult for a jury to "have concluded that [the movant] was guilty of using a firearm during and in furtherance of the underlying Hobbs Act predicates without at the same time also concluding that he did so during and in furtherance of the underlying drug and carjacking predicates." *Id.* at 1243. Nevertheless, we concluded it was "somewhat unclear which crime or crimes served as the predicate offense" for the § 924(o) conviction and therefore granted him leave to file a successive application as to that conviction. *Id.*

Additionally, citing to our decision in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), we stated the movant bears the burden of proving the likelihood that the jury based its guilty verdict solely on a Hobbs Act conspiracy offense, rather than on another valid predicate offense identified in the indictment. *Id.* Similarly, in *In re Hammoud*, we cited to *Beeman* and noted, "in the district court, [the movant] will bear the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from application of solely the residual clause." 931 F.3d at 1041.

10

In *Beeman*, we determined a *Johnson* violation only occurs "if the [§ 2255] movant would not have been sentenced as an armed career criminal absent the existence of the residual clause." 871 F.3d at 1221. We explained that would only be the case under two circumstances:

> (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

*Id.* We thus held to prove a *Johnson* claim a § 2255 movant has the burden to prove it was "more likely than not" the use of the residual clause of the ACCA led the sentencing court to impose a sentencing enhancement. *Id.* at 1221-22. We elaborated that, "[i]f it is just as likely that the sentencing court relied on the [ACCA's] elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

## III. ANALYSIS

This Court's decision in *Navarro* establishes the decision in *Gomez* does not apply to cases involving a guilty plea to an indictment charging multiple companion offenses for a § 924(c) count, at least where there is no uncertainty as to which predicate offenses in the indictment underlie the defendant's § 924(c)

11

conviction. *See Navarro*, 931 F.3d at 1303 n.4. Accordingly, whether *Gomez* controls in this case depends on whether it is certain that Calderon's § 924(c) conviction was based on both his Hobbs Act robbery offense (which qualifies under the elements clause) and his Hobbs Act conspiracy offense (which qualifies only under the unconstitutional residual clause).

Here, as in *Navarro*, the indictment and written plea agreement specified the "crime of violence" for the § 924(c) offense in Count 4 was predicated on the Hobbs Act violations in both Counts 1 (Hobbs Act conspiracy) and 2 (Hobbs Act robbery). The indictment charged conduct that occurred on the same day with the same victims, and Calderon does not dispute on appeal that the offenses arose from the same incident. Thus, as in *Cannon*, the predicate offenses are "inextricably intertwined" such that it would be difficult for the court to find that Calderon used a weapon in furtherance of the Hobbs Act conspiracy without also finding that he used a weapon in furtherance of the Hobbs Act robbery that formed the basis of that conspiracy. *See Cannon*, 931 F.3d at 1243. Therefore, even relying solely on the *Shepard*[6] documents, the district court did not clearly err in finding there was no uncertainty that Calderon's § 924(c) conviction was supported by his offenses

---

[6] *Shepard v. United States*, 544 U.S. 13 (2005) provides that both the charging document and terms of a plea agreement may be relied upon for the facts of the offense to which the defendant admitted.

for both Hobbs Act robbery and Hobbs Act conspiracy, and thus *Gomez* does not apply.

Further, because this case involves a guilty plea, rather than a jury verdict, the same Sixth Amendment concerns that applied in *Gomez* do not apply here, and therefore the district court did not err in determining that Calderon's § 924(c) conviction was based on both offenses. *See Navarro*, 931 F.3d at 1303 n.4. Additionally, this Court has only applied the "least culpable offense" rule when determining whether an offense qualifies as a crime of violence, not when determining which crime of violence underlies a defendant's § 924(c) conviction. *See e.g., Navarro*, 931 F.3d at 1303; *St. Hubert*, 909 F.3d at 349. Thus, the district court was not required to consider the Hobbs Act conspiracy as the sole underlying offense.

Moreover, Calderon has not met the burden to establish that it was more likely than not that he was sentenced solely under § 924(c)'s residual clause, and not also under the elements clause. *See Beeman*, 871 F.3d at 1221-22. Calderon cannot do so here because it is just as likely that his conviction for § 924(c) was based on the elements clause as it was based on the residual clause, given that the charges arose from the same incident, and the indictment and the plea agreement referenced both the Hobbs Act conspiracy offense, which qualifies only under the residual clause, and the Hobbs Act robbery offense, which qualifies under the

elements clause.   Accordingly, the district court did not err in determining that Calderon's § 924(c) conviction was validly based on the substantive Hobbs Act robbery offense.  Because Calderon's Hobbs Act robbery offense qualifies as a predicate offense under the elements clause, his § 924(c) conviction is valid on the merits.  Accordingly, we affirm.

**AFFIRMED.**