[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11125
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00254-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAMORCUS BRANDAN NESBITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 24, 2020)

Before ED CARNES, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Shamorcus Nesbitt appeals from the district court's second amended final judgment concerning his conviction and sentence for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, using and possessing a firearm in connection with those crimes, and possessing a firearm as a convicted felon.

I.

On February 12, 2015, after a trial in the United States District Court for the Middle District of Florida, a jury found Nesbitt guilty of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951(a) (Count 1); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 2); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3); and two counts of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 5).  Although the jury verdict did not specify what crime of violence Count 3 was predicated on, the superseding indictment alleged that the § 924(c) count in Count 3 related to both the conspiracy to commit Hobbs Act robbery offense in Count 1 and the substantive Hobbs Act robbery offense in Count 2.  Doc. 48 at 2.  And the district court instructed the jury that Nesbitt could be found guilty of Count 3 if the jury found beyond a reasonable doubt that, among other things, he "committed the crime of violence charged in Counts I or II of the indictment."  Doc. 126 at 14 (emphasis added).

The district court sentenced Nesbitt to 348 months imprisonment, which included an 84-month consecutive prison term for Count 3.  Nesbitt's sentence was enhanced because he was classified as an armed career criminal under the United States Sentencing Guidelines § 4B1.4.  Nesbitt appealed his convictions in July

2015, raising a single issue:  Whether there was insufficient evidence to show that he brandished the firearm for Count 3.  In September 2016, we rejected his argument and affirmed the district court.  United States v. Nesbitt, 669 Fed. App'x 534 (11th Cir. 2016).

On March 29, 2017, Nesbitt moved to vacate his sentence under 28 U.S.C. § 2255 for several reasons.  Nesbitt v. United States, 2017 WL 5971682, *2 (M.D. Fla. Dec. 1, 2017).  The district court denied some of his claims but set aside his sentence because he was no longer an armed career criminal under the United States Sentencing Guidelines after Johnson v. United States, 135 S. Ct. 2551 (2015).  Id.  The court then conducted a resentencing on March 8, 2018, and imposed a term of 240 months imprisonment, which included an 84-month consecutive prison term for Count 3.  On March 16, 2018, the court entered a second amended judgment reflecting its decision.

Nesbitt appeals that second amended judgment.

## II.

Nesbitt contends that his 18 U.S.C. § 924(c) conviction was unconstitutional because it was not predicated on a crime of violence.  To be valid, his conviction must be predicated on a crime of violence as defined by § 924(c)(3)(A).  Section 924(c)(3)(A), known as the elements clause, defines a "crime of violence" as "an

3

offense that is a felony and has an element the use, attempted use, or threatened use of physical force against the person or property of another."

There is a second alternative definition of crime of violence under 18 U.S.C. § 924(c)(3)(B), known as the residual clause, but the Supreme Court held that the residual clause definition is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2323–36 (2019). Because of Davis, many crimes that were once classified as crimes of violence no longer are. See, e.g., Brown v. United States, 942 F.3d 1069, 1075–76 (11th Cir. 2019) (concluding conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the elements clause).

Based on the superseding indictment and jury instructions, Nesbitt's § 924(c) conviction was predicated on either conspiracy to commit Hobbs Act robbery or substantive Hobbs Act robbery. Doc. 126 at 14. Conspiracy to commit Hobbs Act robbery is not a crime of violence under the elements clause. Brown, 942 F.3d at 1075. But substantive Hobbs Act robbery is. In re Saint Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016).

So based on the superseding indictment and jury instructions it is unclear if a crime of violence was the predicate offense for Count 3. Neither party contests any of the analysis contained in the previous four paragraphs. But they do have their differences. The government argues that the law of the case doctrine bars Nesbitt's challenge to his § 924(c) conviction because he did not raise a challenge

4

to the residual clause in his 2015 appeal.  Nesbitt disagrees, arguing that we should reach the merits and conclude that the district court plainly erred by permitting Count 3 to be predicated on either conspiracy to commit Hobbs Act robbery or substantive Hobbs Act robbery.  He asserts that error prejudiced him because there is a reasonable probability the jury convicted him on Count 3 based only on conspiracy to commit Hobbs Act robbery, which is not a crime of violence and thus not a valid predicate offense.

## A.

First, law of the case.  The law of the case doctrine states that an issue decided at one stage of a case is binding at later stages of the same case, including where a party had the opportunity to appeal a lower court's ruling on an issue but did not do so.  United States v. Escobar-Urrego, 110 F.3d 1556, 1560–61 (11th Cir. 1997).  The doctrine prevents an appellant from getting multiple "bites at the appellate apple."  United States v. Fiallo-Jacome, 874 F.2d 1479, 1482 (11th Cir. 1989).  But the "law of the case comes into play only with respect to issues previously determined."  See Quern v. Jordan, 440 U.S. 332, 347 n.18 (1979); see also Entek GRB, LLC v. Stull Ranches, LLC, 840 F.3d 1239, 1240 (10th Cir. 2016) (Gorsuch, J.) (concluding the issues must have been "either expressly or implicitly resolved in prior proceedings in the same court").  And we have recognized three exceptions to the doctrine: "when (1) the evidence on a

5

subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue, or (3) the previous decision was clearly erroneous and would work a manifest injustice." Westbrook v. Zant, 743 F.2d 764, 768 (11th Cir. 1984).

The government argues that because Nesbitt did not argue in his original direct appeal (back in July 2015) that his § 924(c) conviction was invalid because one of the predicate offenses was not a crime of violence, he is barred from raising that issue now.[1]  The government's theory rests on the premise that the district court "expressly or implicitly resolved" the issue against him in 2015, and he could have, but did not, challenge that ruling on appeal.

But even if we assume that the government is correct and the law of the case doctrine applies, Nesbitt can still raise the issue of whether his § 924(c) conviction was predicated on a crime of violence.  He can because "controlling authority has since made a contrary decision of the law applicable to the issue" after Nesbitt's first appeal was decided.  See Westbrook, 743 F.2d at 768–69.  If we accept the

---

[1] The government states in its briefing that "Nesbitt did not challenge his section 924(c) conviction on any ground in his first direct appeal" but that is incorrect.  Nesbitt did challenge his 924(c) conviction in his original direct appeal, on the ground that there was insufficient evidence proving he brandished a firearm.  Nesbitt, 669 Fed. App'x 534.  But that is not relevant to the government's argument that because he failed to challenge his conviction in his original appeal "on the ground that it improperly rests on the residual clause of section 924(c)(3)(B) or that Hobbs Act conspiracy does not constitute a crime of violence" he is barred from doing so now.

government's position that the district court, at least implicitly, decided this issue against Nesbitt, it did so because under the law in effect at the time of his direct appeal in 2015 the residual clause was constitutional. That remained the law until the Supreme Court held otherwise on June 24, 2019. See Davis, 139 S. Ct. 2319. Because Davis established a new constitutional rule, see In re Hammond, 931 F.3d 1032, 1039–40 (11th Cir. 2019), and because Davis overruled this Court's contrary law, see Davis, 139 S. Ct. 2319 (overruling Ovalles v. United States, 905 F.3d 1231 (11th Cir. 2018)), the law of the case doctrine does not bar Nesbitt's claim.

## B.

Second, the merits. Nesbitt contends that his § 924(c) conviction is invalid because Count 3, upon which it rests, is a "duplicitous count," by which he means "it charges two or more 'separate and distinct' offenses." See In re Gomez, 830 F.3d 1225 (11th Cir. 2016). After all, the government could have charged two § 924(c) counts, one predicated on the conspiracy and one predicated on the substantive crime.

A duplicitous count poses several dangers, including the risk that a "jury may convict a defendant without unanimously agreeing on the same offense." Another risk, limited to cases such as this one, is that the jury convicted Nesbitt only because it unanimously agreed on the predicate offense of conspiracy to

commit Hobbs Act robbery, which is not a crime of violence and therefore not a proper predicate offense.

The parties agree that the question of whether Nesbitt's § 924(c) conviction is valid is analyzed under plain error review because Nesbitt failed to raise the duplicity issue in the district court at the time the error occurred (including when the district court instructed the jury that it could base its § 924(c) verdict on either Count 1 or Count 2). See Fed. R. Crim. P. 52(b). The plain error rule places a "daunting obstacle" before Nesbitt. United States v. Pielago, 135 F.3d 703, 708 (11th Cir. 1998). "To demonstrate plain error, the defendant must show that there is (1) error, (2) that is plain and (3) that affects substantial rights." United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. The plain error test is meant to be difficult to satisfy. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.2005) ("[W]e have explained that our power to review for plain error is limited and circumscribed, that the plain error test is difficult to meet, and that the plain error rule places a daunting obstacle before the appellant.") (quotations and citations omitted); Pielago, 135 F.3d at 709 ("The narrowness of the plain error rule is a reflection of

8

the importance, indeed necessity, of the contemporaneous objection rule to which it is an exception."). Nesbitt cannot satisfy it.

Even if the district court committed an error "that is plain" by permitting two predicate offenses to underly the § 924(c) charge, Nesbitt cannot show that error affected his substantial rights. To establish that the error affected his substantial rights, he would have to demonstrate "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (quotation marks omitted). He has not, and cannot, do that.

The evidence is overwhelming that substantive Hobbs Act robbery was a predicate offense for Nesbitt's § 924(c) count. Nesbitt does not contest that he is guilty of substantive Hobbs Act robbery. And as we already held in our opinion addressing his 2015 direct appeal, the evidence showed that "Nesbitt displayed all or part of the firearm during the robbery in order to intimidate" one of the employees of the Little Ceaser's restaurant that he robbed. Nesbitt, 669 Fed. App'x at 535 (alterations and quotation marks omitted). Nesbitt did "not dispute that he robbed the Little Caesar's, or that he carried a gun while doing so." Id. And the only time during trial it was alleged that he brandished a firearm was during the robbery, as opposed to a time before the robbery but during the conspiracy. Nesbitt offers no evidence that had he contemporaneously objected to

9

the allegedly duplicitous count the outcome of the proceeding would have been any different.

Had Nesbitt objected to the superseding indictment and prevailed, he would have been charged with two § 924(c) firearm counts: one count would have had conspiracy to commit Hobbs Act robbery as the predicate and the other would have had substantive Hobbs Act robbery as the predicate. Nesbitt cannot show a reasonable probability that he would not have been convicted of the § 924(c) count tied to substantive Hobbs Act robbery, which would have left him in the same place, guilty of one § 924(c) count.[2] Had he objected to the jury instructions, the outcome also would have been the same. The judge would have required the jury to unanimously agree on the predicate offense, and the evidence is clear the jury would have all agreed substantive Hobbs Act robbery was a predicate offense. In either scenario, no reasonable probability of a different outcome exists.

Nesbitt's counterarguments don't convince us otherwise. He argues that In re Gomez requires us to assume that his § 924(c) offense rests on the least culpable of the offenses alleged to support the conviction, in this case conspiracy to commit Hobbs Act robbery. 830 F.3d 1225 (11th Cir. 2016). But Gomez involved an

---

[2] We assume any § 924(c) conviction tied to conspiracy to commit Hobbs Act robbery would be invalid because conspiracy to commit Hobbs Act robbery is no longer a qualifying crime of violence. Brown, 942 F.3d at 1075.

10

application for permission to file a second or successive 28 U.S.C. § 2255 motion. Id. at 1226. In that scenario, all an applicant has to do to obtain permission is make a prima face showing that he satisfies the criteria of § 2255. See id. at 1229 (noting applicant has only made "a prima facie showing that his conviction may" be unlawful) (emphasis added) (Carnes, J., concurring); In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003) (applicant need show only a "reasonable likelihood" of success). But here the merits are before us, so we can decide if substantive Hobbs Act robbery supports Nesbitt's § 924(c) conviction — and it does.

Nesbitt cites Alleyne v. United States in support. 570 U.S. 99 (2013). In Alleyne the Supreme Court held that factual findings that increase the mandatory minimum sentence for any crime are "elements [of the offense] and must be submitted to the jury and found beyond a reasonable doubt." Id. at 103. We have held that an "indictment that lists multiple predicates in a single § 924(c) count allows for a defendant's mandatory minimum to be increased without the unanimity Alleyne required." Gomez, 830 F.3d at 1227. That is because some of the jurors might have though Nesbitt used the gun during the conspiracy to commit Hobbs Act robbery, while the others thought he did so only during the substantive Hobbs Act robbery. See id. So Alleyne prohibits a judge from making the factual determination about which predicate offense supported the § 924(c) count when it is not clear what the jury has decided. Id. Alleyne does not help Nesbitt because

11

the district court did not make a factual determination about which predicate offense supported the § 924(c) count.

Nesbitt cites Alleyne and In re Gomez to argue that we cannot conduct plain error review because in order to determine if a reasonable probability of a different outcome would result, we would have to engage in prohibited factfinding. So presumably, we should ignore the requirements of the plain error rule and conduct a full-on merits review. That is wrong. Neither Alleyne nor In re Gomez bars us from determining if "a reasonable probability [exists] that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez, 136 S. Ct. at 1343; cf. Hedgepeth v. Pulido, 555 U.S. 57, 58 (2008) (improperly instructing the jury on multiple theories of guilt, one of which is invalid, is not a structural error and is subject to harmless error review).[3] That is not factfinding. It is standard third-prong plain error review. And once again, given the overwhelming evidence that substantive Hobbs Act robbery supports his § 924(c) conviction, Nesbitt cannot show that a reasonable probability of a different outcome exists.[4]

---

[3] In fact, all Alleyne errors are subject to plain error review, which involves the same kind of "reasonable probability" analysis we engage in here. United States v. McKinley, 732 F.3d 1291, 1295–96 (11th Cir. 2013).

[4] Nesbitt also suggests that aiding and abetting substantive Hobbs Act robbery is not a crime of violence. It is. In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) (concluding that aiding and abetting substantive Hobbs Act robbery is a crime of violence under the elements clause and thus supports an aiding and abetting § 924(c) firearm charge). Nesbitt also argues

**AFFIRMED.**

_____

that substantive Hobbs Act robbery is not a crime of violence if a person is convicted under a theory of Pinkerton liability.  See Pinkerton v. United States, 328 U.S. 640, 647–48 (1946) (holding that criminal defendants are liable for the reasonably foreseeable actions of their co-conspirators).  But that argument is not relevant because the evidence is overwhelming that Nesbitt's guilt was not dependent on Pinkerton liability; he did not dispute in this trial or during his last direct appeal that he robbed the restaurant and carried a firearm while doing so.  See United States v. Gallo-Chamorro, 48 F.3d 502, 506–508 (11th Cir. 1995) (discussing aiding and abetting versus Pinkerton liability and noting that aiding and abetting "has a broader application" and "rests on a broader base" than Pinkerton liability) (quoting Nye & Nissen v. United States, 336 U.S. 613, 620 (1949)).