[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12612-E

_____

IN RE: NEIL NAVARRO,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: ED CARNES, Chief Judge, ROSENBAUM and BLACK, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Neil Navarro has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).

## I.  BACKGROUND

Navarro was charged by indictment with several crimes, including conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count Two); attempted possession with intent to distribute cocaine, in violation of §§ 841 and 846 (Count Three); and carrying a firearm in furtherance of a crime of violence and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five). Notably, the indictment specified Navarro's § 924(c) charge was predicated on both conspiracy to commit Hobbs Act robbery, as charged in Count One, and drug-trafficking crimes, as charged in Counts Two and Three.

Pursuant to a written plea agreement, Navarro agreed to plead guilty to Counts One and Five. Like the indictment, the plea agreement clarified that the § 924(c) charge was predicated on both a crime of violence—conspiracy to commit Hobbs Act robbery—and drug-trafficking crimes. Specifically, the agreement stated Navarro

> agrees to plead guilty to counts 1 and 5 of the indictment, which counts charge the defendant with knowingly and intentionally conspiring to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce

2

by means of robbery, and knowingly using and carrying a firearm during and in relation to a crime of violence *and a drug trafficking crime* and possessing a firearm in furtherance of such crimes, in violation of Title 18, United States Code, Sections 1951(a) and 924(c)(1), respectively.

(emphasis added).

The factual proffer supporting the plea agreement stated that, had Navarro proceeded to trial, the government would have established the following.   A confidential informant introduced Navarro to an undercover officer (UC) who presented himself as a disgruntled narcotics courier seeking someone to rob at least 15 kilograms of cocaine stored at a stash house.   Navarro and Danny Herrera, one of his codefendants, expressed interest in carrying out the robbery, telling the UC, "this is what we do."   Navarro informed the UC of his plan, which involved Navarro and his "crew" presenting themselves as law enforcement officers to the guards at the stash house. Navarro assured the UC he and his crew had the guns necessary to commit the robbery.   The plan was to split the cocaine they robbed from the stash house evenly among the UC and the members of the crew.

At a subsequent meeting, Navarro and Herrera introduced the UC to a third codefendant, Adrian Gonzales, who would be the final member of the robbery team.   The group discussed additional details concerning the robbery, including how they would split the stolen cocaine and how to discreetly sell it following the robbery.   On the day the robbery was supposed to occur, the group followed the UC to an undercover facility where they were to await confirmation of the location of the stash house.   Once inside the facility, the group had further recorded discussions with the UC regarding the details of their plan to rob the stash house before being arrested.   A search of the defendants and their vehicle uncovered two loaded semi-automatic pistols and

3

approximately 27 rounds of ammunition, among other items.   Navarro signed both the plea agreement and factual proffer.

At the change-of-plea hearing, Navarro acknowledged he had signed both the plea agreement and factual proffer.   He further acknowledged he had read both documents with his attorney prior to signing them and understood the terms of the plea agreement.   The court accepted Navarro's plea, and he subsequently received a total sentence of 93 months' imprisonment, comprised of a 33-month sentence as to Count One and a consecutive 60-month sentence as to Count Five.

## II.   DISCUSSION

In his application, Navarro states that he wishes to raise two grounds for relief, both of which rely on *United States v. Davis*, 139 S. Ct. 2319 (2019), as a new rule of constitutional law. In his first claim, Navarro contends that he is serving an unconstitutional sentence because *Davis* rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague, as a result of which conspiracy to commit Hobbs Act robbery no longer qualifies as a predicate crime of violence.   In his second claim, Navarro argues, without elaboration, that *Davis* also rendered U.S.S.G. § 2K2.1(a)[1] of the Sentencing Guidelines unconstitutionally vague.

On June 24, 2019, the Supreme Court, in *Davis* extended its holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague.   *Davis*, 139 S. Ct. at 2324-25, 2336.   The

---

[1] Navarro specifically references § "2K2.1(a)(2)(8)," but no such subsection exists within § 2K2.1.

4

Court resolved a circuit split on the issue, rejecting the position that § 924(c)(3)(B)'s residual clause could remain constitutional if read to encompass a case-specific, conduct-based approach, rather than a categorical approach. *Id.* at 2325 & n.2, 2332-33. The Court in *Davis* emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses struck down in *Johnson* and *Dimaya*, and, therefore, concluded that § 924(c)(3)(B) was unconstitutional for the same reasons. *Id.* at 2326, 2336.

In *In re Hammoud*, we recently resolved several preliminary issues with respect to successive applications involving proposed *Davis* claims. No. 19-12458, manuscript op. at 4 (11th Cir. July 23, 2019). First, we held that *Davis*, like *Johnson*, announced a new rule of constitutional law within the meaning of § 2255(h)(2), as the rule announced in *Davis* was both "substantive"—in that it "restricted for the first time the class of persons § 924(c) could punish and, thus, the government's ability to impose punishments on defendants under that statute"—and was "new"—in that it extended *Johnson* and *Dimaya* to a new statutory context and that its result was not necessarily "dictated by precedent." *Id.* at 6-7. Second, we held that, even though the Supreme Court in *Davis* did not expressly discuss retroactivity, the retroactivity of *Davis*'s rule was "necessarily dictated" by the holdings of multiple cases, namely, the Court's holding in *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 1268 (2016), that *Johnson*'s substantially identical constitutional rule applied retroactively to cases on collateral review. *Id.* at 7-8 (quoting *Tyler v. Cain*, 533 U.S. 656, 662-64, 666 (2001)).

We also note that Navarro's proposed claims are not barred under *In re Baptiste*, 828 F.3d 1337, 1339-40 (11th Cir. 2016), despite his having filed a prior successive application, based on *Dimaya*, similarly arguing that § 924(c)(3)(B)'s residual clause was unconstitutionally vague. As

5

we explained in *In re Hammoud*, "[a]lthough the rationale underlying *Johnson* and *Dimaya* . . . is the same rationale that underlies *Davis*," *In re Baptiste* does not bar Navarro's current *Davis*-based application because "*Davis* announced a new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*."   No. 19-12458, manuscript op. at 9.   Thus, Navarro's current application seeks to assert new *Davis* claims, not *Dimaya* claims, and is not barred by *In re Baptiste*.   *See id.*

Having disposed of those preliminary issues, we turn to the substance of Navarro's proposed claims.   While *Davis* announced a new rule of constitutional law that is retroactively applicable to cases on collateral review, it is not enough that Navarro's application cites *Davis*. We still must determine whether Navarro has made a prima facie showing as to his purported *Davis* claims.   That is, we must determine whether Navarro's substantive claims fall within *Davis*'s scope.

A.   *Navarro's § 924(c) Claim*

Navarro has not made a prima facie showing that, regarding his § 924(c) conviction, he is entitled to relief in light of *Davis*.   *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2).   We have held that a conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate offense.   *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005). Instead, § 924(c) requires only that the predicate crime be one that may be prosecuted.   *Id.*; 18 U.S.C. § 924(c)(1)(A).   To satisfy that requirement, the government must show that the defendant used or carried a firearm during and in relation to a crime of violence or drug-trafficking crime, and the factual proffer can be a sufficient basis for a district court to determine that a defendant committed the underlying drug-trafficking crime.   *Frye*, 402 F.3d at 1128.   In this case, although

6

Navarro pled guilty only to conspiracy to commit Hobbs Act robbery and a § 924(c) violation, his plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes.

In particular, the factual proffer, which Navarro signed and acknowledged as accurate, established Navarro committed the drug trafficking crimes in Counts Two and Three and carried a firearm during and in relation to those offenses. *See Frye*, 402 F.3d at 1127-28 (concluding a factual proffer provided sufficient facts for a court "reasonably to have determined that the defendant was guilty" of a § 924(c) offense absent a conviction for the companion offense). Specifically, the proffer established Navarro conspired with Herrera and Gonzalez to steal, and then distribute, at least 15 kilograms of cocaine from a stash house. The group then took steps toward carrying out the robbery before being arrested. These facts are sufficient to support both the conspiracy and attempt crimes charged in Counts Two and Three of the indictment, both of which qualify as drug-trafficking offenses capable of supporting Navarro's § 924(c) conviction. 18 U.S.C. §§ 924(c)(1)(A), (c)(2). Moreover, the plea agreement, which Navarro signed and affirmed he had read and understood, specifically stated he was agreeing "to plead guilty to . . . knowingly using and carrying a firearm during and in relation to a crime of violence *and a drug trafficking crime* and possessing a firearm in furtherance of such crimes."[2]

Thus, it is apparent from the record that Navarro's § 924(c) conviction is fully supported

---

[2] We also note that it is difficult to imagine how Navarro could have admitted facts supporting conspiracy to commit Hobbs Act robbery without simultaneously admitting facts supporting one or both of the drug-trafficking crimes. The three predicate crimes identified in the indictment seem inextricably intertwined, given the planned robbery underlying the charge for conspiracy to commit Hobbs Act robbery was the robbery of a drug stash house.

by his drug-trafficking crimes, and it therefore is outside the scope of *Davis*, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence.   Even assuming Navarro's companion offense of conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence in light of *Davis*, he would not be entitled to relief.   We see no reason to require the district court to make this determination in the first instance.[3]

Accordingly, Navarro has not made a prima facie showing that his § 924(c) conviction may be unconstitutional in light of *Davis*, as his conviction was independently supported by the charged drug-trafficking crimes.[4]   *See* 28 U.S.C. § 2255(h)(2); *see also In re Henry*, 757 F.3d 1151, 1162 (11th Cir. 2014) (holding that "[a]n applicant must show a reasonable likelihood that he would benefit from the new rule he seeks to invoke in a second or successive petition").

*B.  Navarro's Sentencing Guidelines Claim*

As to Navarro's second *Davis*-based claim, he has not met the statutory criteria because he

---

[3] This analysis is consistent with our rejection of Navarro's original § 2255 motion to vacate his sentence, in which he similarly claimed his § 924(c) conviction was invalid in light of *Johnson*.   In affirming the district court's denial of that motion, we noted it was not necessary for us to reach the issue of whether *Johnson* invalided § 924(c)(3)(B) because "Navarro's § 924(c) conviction was alternatively premised on drug-trafficking crimes."   *Navarro v. United States*, 679 F. App'x 973, 974 (11th Cir. 2017).   We specifically noted that the facts Navarro admitted in the factual proffer "established that he had conspired with his codefendants to steal 15 kilograms of cocaine and then distribute that cocaine, while armed."   *Id.*

[4] We note that this case is distinguishable from our decision in *In re Gomez,* 830 F.3d 1225 (11th Cir. 2016), in which we granted a successive application where an indictment charging a § 924(c) violation listed multiple companion offenses, at least one of which potentially implicated § 924(c)(3)(B)'s residual clause.   That case involved a jury trial, and because the jury returned a general verdict, it was unclear which crime or crimes the jury concluded actually supported the § 924(c) conviction.   The concerns we identified in *Gomez* do not give us pause here, as there is no uncertainty as to which of the three predicate offenses identified in the indictment underlie Navarro's § 924(c) conviction.   Instead, the plea agreement and factual proffer make clear the conviction was based on all three.

8

cannot show that *Davis* benefits him in the context of his challenge to the Sentencing Guidelines. *See In re Henry*, 757 F.3d at 1162.   As an initial matter, *Davis* did not address the Sentencing Guidelines.   *See generally Davis*, 139 S. Ct. 2319.   Further, the Supreme Court held in *Beckles* that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause."   *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).   Therefore, *Davis* has no application to U.S.S.G. § 2K2.1(a), and Navarro cannot meet the statutory criteria for his second claim.   *See* 28 U.S.C. § 2255(h)(2).

## III.   CONCLUSION

Based on the foregoing, Navarro has not made a prima facie showing that either of his proposed claims meets the statutory criteria, and his application for leave to file a second or successive § 2255 motion is DENIED.

ROSENBAUM, Circuit Judge, concurring:

I concur in the panel's order denying Navarro's application for leave to file a second or successive 28 U.S.C. § 2255 motion.   I write separately to address the 18 U.S.C. § 924(c) claim. On this record, it is clear that Navarro was charged with and knowingly and specifically pled guilty to "knowingly using and carrying a firearm during and in relation to a crime of violence *and a drug trafficking crime* and possessing a firearm in furtherance of *such crimes*."   (emphasis added).   For that reason, he cannot show he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019).   I would end the analysis of the *Davis* claim with that.