[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11201
Non-Argument Calendar

_____

D.C. Docket Nos. 1:17-cv-21929-MGC; 1:07-cr-20825-MGC-7

ONAY VALDES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2020)

Before WILSON, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Onay Valdes appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence related to his convictions for conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  The district court granted a certificate of appealability (COA) on one issue: whether reasonable jurists could debate whether Valdes's conviction under § 924(c) was constitutional in light of the Supreme Court's grant of certiorari in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019).

When reviewing a district court's denial of a § 2255 motion, we review questions of law de novo and factual findings for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  We may affirm for any reason supported by the record.  *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

Normally, the scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA.  *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  However, "we will construe the issue specification in light of the pleadings and other parts of the record."  *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (internal quotation mark omitted).  We have addressed the merits of a defendant's claim that his § 924(c) conviction was unconstitutional in light of *Davis* where the COA stated the issue in terms of

2

*Johnson*.  *See Steiner v. United States*, 940 F.3d 1282, 1288, 1292–93 (11th Cir.

2019) (per curiam).  So even though the opinion in *Davis* issued after Valdes was

granted his COA, we can consider now whether *Davis* affords Valdes his requested

relief.  *See id.*

Section 924(c) criminalizes the use or carrying of a firearm in furtherance of

a crime of violence or drug-trafficking crime.  18 U.S.C. § 924(c)(1)(A).  In

§ 924(c), Congress provided definitions of a "crime of violence."  *See*

§ 924(c)(3)(A)–(B).  However, the Supreme Court recently nullified one of those

definitions in § 924(c)(3)(B)—widely known as the residual clause—because it

was unconstitutionally vague.  *See Davis*, 139 S. Ct. at 2324–25, 2336.

Even so, § 924(c)(3)(A)—the elements clause—still stands.  A felony

offense that "has as an element the use, attempted use, or threatened use of

physical force against the person or property of another" still qualifies as a "crime

of violence."  § 924(c)(3)(A); *see Steiner*, 940 F.3d at 1293 (citing *Davis*, 139 S.

Ct. at 2336).  And "a conviction under § 924(c) does not require that the defendant

be convicted of, or even charged with, the predicate offense."  *In re Navarro*, 931

F.3d 1298, 1302 (11th Cir. 2019).

We have held that substantive Hobbs Act robbery is a crime of violence

under § 924(c)'s elements clause.  *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir.

2016); *see* 18 U.S.C. § 1951(a).  We also held that conspiracy to commit Hobbs

Act robbery is not a crime of violence. *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (per curiam).

Here, Valdes has not made a prima facie showing that he is entitled to relief under *Davis*.[1]  In addition to the crimes to which he pled guilty and for which he was convicted, Valdes was charged with Hobbs Act robbery.  The indictment listed both counts of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery as the factual predicates for the § 924 charge.  Valdes admitted that he held a gun to the head of a Brinks truck messenger and stole over $1 million, facts that fall within the definition of Hobbs Act robbery.  *See* 18 U.S.C. § 1951(a).  Because Valdes admitted facts sufficient to support a conviction for substantive Hobbs Act robbery, which is a crime of violence, his conviction under § 924(c) was supported by a predicate offense.  *See Fleur*, 824 F.3d at 1340–41; *Navarro*, 931 F.3d at 1302.  Accordingly, we affirm the district court's denial of Valdes's § 2255 motion.

**AFFIRMED.**

---

[1] The government argues that we should dismiss Valdes's claims because he did not raise them on direct appeal.  But we see no need to address this procedural-default issue given our decision on the merits.