[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15090

_____

D.C. Docket Nos. 0:16-cv-61258-WPD,
0:05-cr-60022-WPD-3

BERNARD DONJOIE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2020)

Before WILSON, MARCUS, and THAPAR,* Circuit Judges.

PER CURIAM:

Over fifteen years ago, the government indicted Bernard Donjoie for a slew of drug and gun crimes, including one count under 18 U.S.C. § 924(c). That provision requires the defendant to use or carry a firearm during some underlying offense, either a "crime of violence" or "drug trafficking crime." *Id.* § 924(c)(1)(A). The indictment in Donjoie's case alleged three predicate offenses: one count of conspiracy to commit Hobbs Act robbery and two drug crimes. A jury ultimately convicted Donjoie on all counts but didn't specify which predicate crime (or crimes) it used for the § 924(c) conviction. This court affirmed Donjoie's convictions on direct appeal. *United States v. Orisnord*, 483 F.3d 1169, 1173 (11th Cir. 2007).

Last year, however, the Supreme Court found a provision of § 924(c) to be unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Based on that decision, Donjoie now seeks postconviction relief, arguing that his § 924(c) conviction is invalid because one of his predicate offenses, conspiracy to commit Hobbs Act robbery, no longer qualifies as a "crime of violence" under

---

* Honorable Amul R. Thapar, United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

§ 924(c).  *See Brown v. United States*, 942 F.3d 1069, 1076 (11th Cir. 2019) (per curiam).

Here's the problem with that argument:  the jury didn't convict Donjoie based on the robbery count.  How do we know this?  Because the district court instructed the jury to convict on the § 924(c) count "only if" it found that Donjoie carried a firearm during one of the drug crimes charged in the indictment.  R. 162 at 20.  The jury instructions didn't even mention the robbery count as a potential predicate.  And based on these instructions, we can know with "certainty"—or at least as much certainty as any jury verdict—that the jury convicted based on one (if not both) of the drug counts.  *Shepard v. United States*, 544 U.S. 13, 25 (2005) (plurality opinion); *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (explaining that courts can use jury instructions to determine the crime of conviction); *cf. Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (explaining that juries are presumed to follow their instructions).

Donjoie doesn't dispute that his drug crimes still qualify as predicates under § 924(c).  Hence he cannot prevail on his *Davis* claim.  *See In re Navarro*, 931 F.3d 1298, 1302–03 (11th Cir. 2019) (per curiam).

We affirm the district court's denial of postconviction relief.