[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-15101
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-22544-JAL; 1:12-cr-20152-JAL-1

MICHAEL LUIS SUAREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(October 9, 2020)

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Michael Luiz Suarez, a federal prisoner, appeals the denial of his motion to vacate. 28 U.S.C. § 2255. Suarez moved to vacate his sentence for possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), on the ground that his predicate offense of conspiring to take a person hostage cannot serve as a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause in the Armed Career Criminal Act was void for vagueness. The district court denied Suarez's motion because his companion offense of carjacking qualified categorically as a crime of violence, 18 U.S.C. § 924(c)(3)(A). After Suarez filed his appeal, the Supreme Court decided in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the definition for a crime of violence in the residual clause of the firearm statute, *id.* § 924(c)(3)(B), was unconstitutionally vague. We granted Suarez a certificate of appealability to decide whether *Davis* invalidates his sentence. Because the record establishes that Suarez's firearm conviction is predicated on his offense of carjacking, which our precedent holds is a crime of violence under the elements clause of section 924(c)(3)(A), *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016), we affirm.

A grand jury returned a second superseding indictment in which the first five counts charged Suarez for conspiring to take a person hostage, 18 U.S.C. § 1203(b)(2), for taking a hostage, *id.*, for kidnapping, *id.* §§ 1201(a)(1), 2, for carjacking, *id.* § 2119(2), and for possessing a firearm in furtherance of a crime of

2

violence in "violation of Title 18, United States Code, Sections 1201(a), 1203(b), and 2119, as set forth in Counts 1, 2, 3 and 4 of [his] indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2." Suarez signed a written agreement to plead guilty to "Count 1 and Count 5 of the Second Superseding Indictment." The agreement described "Count 5 [as] charg[ing] that on or about February 20, 2012, [Suarez] and his co-defendants did knowing [sic] possess a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)."

During his change of plea hearing, Suarez acknowledged that he was pleading guilty to the "written charges against [him]" in Counts 1 and 5 of the indictment, and the district court read aloud the two charges. Suarez admitted that he and his coconspirators kidnapped and transported the victim in his vehicle at gunpoint to a prearranged location where he was tortured and held for ransom. When asked, Suarez stated that he was "Guilty" of "Counts 1 and 5 of the second superseding indictment." The district court adjudicated Suarez "guilty of Counts 1 and 5 of the second superseding indictment" and later sentenced him to 444 months of imprisonment.

After the Supreme Court decided *Johnson*, 135 S. Ct. 2551, Suarez moved to vacate his sentence. 28 U.S.C. § 2255. Suarez argued that, like the residual clause in *Johnson*, the residual clause of the firearm statute, 18 U.S.C. § 924(c)(3)(B),

3

was void for vagueness. Suarez argued that his firearm conviction no longer qualified as a crime of violence because it was based on his offense of conspiring to take a hostage, which did not involve the force required to satisfy the elements clause of the firearm statute, *id.* § 924(c)(3)(A). The government responded that Suarez's firearm conviction was based on four companion offenses and that his offense of carjacking categorically qualified as a crime of violence. *See id.* Later, at Suarez's request, the district court held his motion to vacate in abeyance until this Court decided *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc).

The district court denied Suarez's motion to vacate. 28 U.S.C. § 2255. The district court ruled that Suarez "[could not] establish that he was actually innocent of his Section 924(c) conviction." The district court reasoned that, "irrespective of the *en banc Ovalles* opinion," Suarez's motion "fail[ed] on the merits because [our prior precedents held that] carjacking qualified as a crime of violence under Section 924(c)(3)(A)'s 'use-of-force' clause."

On denial of a motion to vacate, we review findings of fact for clear error and the application of the law to those facts *de novo*. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).

Section 924(c) prohibits using or carrying a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A). The section provides that a defendant is subject to a mandatory consecutive sentence for using a firearm during a crime of

4

violence or a drug-trafficking crime. *Id.* § 924(c)(1). For the purposes of the section, "crime of violence" means an offense that is a felony and "has as an element of the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A).

A conviction for using or carrying a firearm during or in furtherance of a crime of violence does not require that the defendant be convicted of or even charged with the companion offense. *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005). The firearm statute requires only that the companion offense be a crime "for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A). A person may be prosecuted if the government submits sufficient evidence from which the district court can find that the person committed the offense. *Frye*, 402 F.3d at 1127–28.

A firearm conviction under section 924(c) can be predicated on multiple companion offenses so long as the defendant can be prosecuted for those offenses. *In re Navarro*, 931 F.3d 1298, 1302–03 (11th Cir. 2019). In *Navarro*, a federal prisoner applied, without success, for leave to file a successive motion to vacate his conviction for carrying a firearm in furtherance of a crime of violence and in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c). 931 F.3d at 1299–1303. Navarro argued that his firearm conviction was predicated on his conviction for conspiring to commit a Hobbs Act robbery, which no longer qualified as a

5

crime of violence after the Court declared the residual clause of the firearm statute invalid in *Davis*. *Navarro*, 931 F.3d at 1300. But we concluded that Navarro's firearm conviction was not predicated solely on the Hobbs Act charge to which he pleaded guilty. *Id.* at 1303 (citing *Frye*, 402 F.3d at 1127, and 18 U.S.C. § 924(c)(1)(A)). Because Navarro's indictment and plea agreement alleged that he used, carried, and possessed a firearm charge in furtherance of both "a crime of violence and a drug trafficking crime," *id.* at 1299–1300, his firearm charge was "predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes" charged in his indictment, *id.* at 1302. We held that the drug-trafficking offenses "independently supported" Navarro's firearm conviction because the factual proffer to his plea agreement established that he committed the drug trafficking crimes and carried a firearm during and in relation to those offenses. *Id.* at 1300, 1302–03. We denied Navarro's application because his firearm conviction was "fully supported by his drug-trafficking crimes, . . . [which fall] outside the scope of *Davis* . . . ." *Id.* at 1302.

As in *Navarro*, Suarez's conviction for possessing a firearm in furtherance of a crime of violence is predicated on more than one offense to which he did not plead guilty but for which he could have been prosecuted. Suarez agreed in his written agreement and during his change of plea hearing that he was "plead[ing] guilty to Count 1 and Count 5 of the Second Superseding Indictment." Because

Suarez agreed to plead guilty to the firearm crime as charged in the specific count of his indictment, its allegations dictate what offenses support his firearm conviction. Count 5 alleges that Suarez's companion offenses include as "a crime of violence . . . [the] violation of Title 18, United States Codes Sections 1201(a), 1203(a), and 2119, as set forth in Count 1, 2, 3 and 4 of [his] Indictment." So Suarez's firearm charge is predicated on conspiracy to take a hostage, on taking a hostage, on kidnapping, and on carjacking. *See Navarro*, 931 F.3d at 1300. And Suarez's offense of carjacking can "fully support" his firearm conviction. *See id.* at 1302; *Frye*, 402 F.3d at 1127. Suarez admitted during his change of plea hearing that he and his cohorts transported the victim against his will in his vehicle while armed.

Suarez is not entitled to have his sentence vacated. *See* 28 U.S.C. § 2255. Even if we assume that his conspiracy offense no longer qualifies as a crime of violence after *Davis*, which invalidated the residual clause of the firearm statute, 18 U.S.C. § 924(c)(3)(B), Suarez's firearm conviction is "fully supported" by his conviction for carjacking. *See Navarro*, 931 F.3d at 1302. Our precedent holds that carjacking satisfies the definition for a crime of violence in the elements clause of the firearm statute. *Smith*, 829 F.3d at 1280. "The term 'crime of violence' as Congress defined it in 18 U.S.C. § 924(c)(3) clearly includes carjacking" because "'[t]ak[ing] or attempt[ing] to take by force and violence or by intimidation,' 18

7

U.S.C. § 2119, encompasses 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." *United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir. 1994).

Suarez argues that the district court was required to consider his offense of conspiring to take a hostage as the sole predicate for his firearm conviction based on *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016), but we disagree. In *Gomez*, we granted a movant leave to file a second or successive motion to vacate his sentence for a firearm conviction under section 924(c) because his indictment, which referenced four companion offenses, was duplicitious and we could not divine from the jury's general guilty verdict whether the firearm conviction was based on one companion crime or all of them, so his mandatory minimum sentence had been increased without the unanimity required by *Alleyne v. United States*, 570 U.S. 99 (2013). *Gomez*, 830 F.3d at 1226–28. In contrast, we harbor no uncertainty about which crime or crimes support Suarez's firearm conviction because, as in *Navarro*, his case involves a guilty plea and the record makes clear that all four companion offenses alleged in his indictment support his firearm conviction. *See Navarro*, 931 F.3d at 1302–03 & n.4. Suarez argues that, under the categorical approach, his predicate offense must be the "least serious of the charges in [his] indictment," but we apply the "least culpable offense" rule to determine whether an offense

qualifies as a crime of violence, not to determine which crime of violence supports a defendant's conviction. *See id.* at 1303.

Suarez also attempts to liken himself to the movant who received relief from his sentence in *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019), but the movant in *Brown* eliminated the possibility that the drug-trafficking offenses alleged in his indictment could serve as predicate offenses by specifying in his plea agreement that his firearm conviction was supported solely by his offense of conspiring to commit Hobbs Act robbery. *Id.* at 1073–75. In contrast, Suarez agreed to plead guilty to "Count 5 of the Second Superseding Indictment," and that count alleges that his firearm conviction is based on four companion offenses.

The district court did not err by denying Suarez's motion to vacate. Suarez's indictment, his plea agreement, his statements during his change of plea hearing, and the facts proffered to support his pleas of guilty establish that his firearm conviction was predicated on the companion offenses of conspiracy to take a hostage, taking a hostage, kidnapping, and carjacking. The latter offense independently supports Suarez's firearm conviction. And because carjacking qualifies as a crime of violence under the elements clause of the firearm statute, 18 U.S.C. § 924(c)(3)(A), the invalidation of the residual clause in the statute in *Davis* did not affect his firearm conviction.

We **AFFIRM** the denial of Suarez's motion to vacate.

9