**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7906**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG XAVIER ALSTON, a/k/a CK,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:12-cr-00513-JFA-5; 3:16-cv-01888-JFA)

Submitted: July 1, 2021                    Decided: August 13, 2021

Before DIAZ and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig Xavier Alston, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Xavier Alston appeals the district court's order denying relief on his 28 U.S.C. § 2255 motion. On appeal, Alston challenges the district court's rejection of his claim that his 18 U.S.C. § 924(c) conviction is infirm following *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague). We affirm.[1]

"We review de novo the district court's denial of a [§] 2255 motion." *United States v. Pressley*, 990 F.3d 383, 387 (4th Cir. 2021). Liberally construing Alston's informal brief, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Alston fairly challenges only the district court's determination that the predicate crime of violence underlying his § 924(c) conviction was the offense charged in Count 6 of the indictment: a violent crime in aid of racketeering (VICAR), *see* 18 U.S.C. § 1959(a)(3), (6), committed through South Carolina attempted murder and assault and battery in the first degree, *see* S.C. Code Ann. §§ 16-3-29, 16-3-600(c)(1).[2]

---

[1] The district court previously granted a certificate of appealability on Alston's sole claim for relief. *See* 28 U.S.C. § 2253(c)(1)(B).

[2] Because Alston does not address the district court's determination that these offenses qualify as crimes of violence under the force clause of § 924(c), he has forfeited appellate review of the issue. *See* 4th Cir. R. 34(b) (confining appellate review to issues raised in informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). While in rare circumstances, we may overlook this forfeiture rule in cases in which "a miscarriage of justice would otherwise result," *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 249 (4th Cir. 2013) (internal quotation marks omitted), we discern no such circumstances on the record before us.

Identifying the predicate offense supporting a § 924(c) conviction is a fact-intensive inquiry. *See United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021). While "proof of a predicate offense is an essential element of a § 924(c) violation," *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999), the Government is not required to identify a specific § 924(c) predicate offense in the indictment or to separately charge the defendant with the predicate offense, *id.* at 208. Nor must the defendant be "convicted—either previously or contemporaneously—of the predicate offense, so long as the evidence was sufficient to permit the jury to find the elements of the predicate offense beyond a reasonable doubt." *United States v. Crawley*, __ F.4th __, __, No. 19-7369, 2021 WL 2557790, at *5 (4th Cir. June 23, 2021) (brackets and internal quotation marks omitted).

"[A] voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and . . . all material facts alleged in the charge." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (citation and internal quotation marks omitted); *see United States v. Vann*, 660 F.3d 771, 775 (4th Cir. 2011) (en banc) (per curiam for en banc majority) ("The 'formal criminal charge' . . . is nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive."). Thus, identifying the predicate crime of violence underlying a guilty plea to a § 924(c) offense requires reviewing the language of the indictment, the plea agreement, and the defendant's admissions during the plea colloquy to determine what offense necessarily supported the conviction. *See Crawley*, 2021 WL 2557790, at *3-8; *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019).

3

Here, neither the indictment nor the plea agreement identified a predicate crime of violence for the § 924(c) count. However, our review of the record, including the indictment, plea agreement, and plea colloquy, readily supports the district court's conclusion that the predicate crime of violence underlying Alston's § 924(c) conviction was the VICAR offense alleged in Count 6. Further, the record amply demonstrates that this offense was itself supported—at the very least—by aiding and abetting South Carolina assault and battery in the first degree, as described in the indictment. *See Crawley*, 2021 WL 2557790, at \*5-6; *Vann*, 660 F.3d at 775.

Alston's contrary assertion that the predicate crime of violence was conspiracy to commit murder is unsupported by the relevant portions of the record. While the presentence report at times identified conspiracy to commit murder as the predicate crime of violence underlying the § 924(c) offense, any such statement made in the context of the sentencing proceedings could not alter the essential elements of the offense to which Alston pled guilty. *See Randall*, 171 F.3d at 205; *Brown v. United States*, 942 F.3d 1069, 1074 n.5 (11th Cir. 2019) (explaining that reference to alternative § 924(c) predicate at sentencing did not alter nature of conviction, as "the trial court had no discretion to unilaterally change the crime that [the defendant] had pled guilty to"). We therefore find Alston's attempt to analogize to *United States v. Hodge*, 902 F.3d 420 (4th Cir. 2018), unpersuasive. And, because Alston's § 924(c) offense was not predicated on a VICAR offense under 18 U.S.C. § 1959(a)(5), Alston's reliance on *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018), is likewise misplaced.

4

Accordingly, we deny Alston's motion for appointment of counsel and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*