[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13059

Non-Argument Calendar

_____

CHARLIE JOHN WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:16-cv-01197-ACC-GJK,
6:07-cr-00104-ACC-GJK-1

_____

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Charlie Williams appeals the district court's denial of his authorized, successive 28 U.S.C. § 2255 motion to vacate his 18 U.S.C. § 924(c) conviction on the ground that it was based on an invalid predicate, conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. We granted a certificate of appealability ("COA") on the issue of whether his § 924(c) conviction remains valid in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019). He argues that we should presume that his § 924(c) conviction rests on the least culpable offense, *i.e.*, Hobbs Act robbery conspiracy, rather than the alternate predicate in his indictment, conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846. He asserts that we should apply the least culpable offense assumption based on the categorical approach and Sixth Amendment concerns. He contends that his claim is not subject to procedural default because his challenge is jurisdictional. In this context, he avers that our decision in *Granda v. United States*, 990 F.3d 1272, 1285 (11th Cir. 2021) is erroneous and therefore inapplicable.

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Our review of an unsuccessful § 2255 motion is generally limited

20-13059              Opinion of the Court                    3

to issues enumerated in the COA.  *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013).

Section 924(c)(1)(A) of Title 18 of the United States Code criminalizes the use or carrying of a firearm in furtherance of, or during and in relation to, a "crime of violence" or a "drug trafficking crime."  A "drug trafficking crime" means any felony offense punishable under the Controlled Substances Act, including conspiracy and attempt to possess cocaine with intent to distribute.  18 U.S.C. § 924(c)(2); 21 U.S.C. §§ 841, 846.  After *Davis*, we held that a conspiracy to commit a Hobbs Act robbery did not qualify as a crime of violence under the elements clause.  *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019).

Because a conspiracy to commit a Hobbs Act robbery no longer qualifies as a "crime of violence," it therefore can no longer serve as a valid predicate for a § 924(c) conviction.  *Granda*, 990 F.3d at 1285.

Nevertheless, "a conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate offense."  *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019). In the guilty plea context, we have upheld § 924(c) convictions where the factual proffer independently supported a valid alternative predicate in the indictment.  *See, e.g., id.*  In *In re Navarro*, the defendant, Navarro, was charged with several crimes, including conspiracy to commit Hobbs Act robbery, conspiracy to possess cocaine with intent to distribute, attempted possession of cocaine with intent to distribute, and carrying a firearm in furtherance of a

crime of violence or a drug trafficking crime.  *Id.*  We held that because he had admitted facts that established the drug trafficking crimes, his § 924(c) conviction was "fully supported" and was, thus, "outside the scope of *Davis.*"  *Id.*  There, we held that Sixth Amendment concerns did not apply because the plea agreement and factual proffer made clear that his conviction was based upon the predicate charges.  *Id.* at 1303 n.4.

We also do not apply the "categorical approach" or assume that a conviction rests on the least culpable predicate offense when deciding whether a *Davis* error in the § 924(c) context is reversible.  *See Granda*, 990 F.3d at 1295.  Under the prior precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc.*  *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).  We therefore do not address Williams's procedural default argument because his claim fails on the merits.  *See Castillo*, 816 F.3d at 1303.

Williams's conviction remains valid despite the Supreme Court's decision in *Davis* because his § 924(c) conviction is fully supported by a valid alternate predicate offense.  Because his drug-trafficking conspiracy charge remains a valid predicate for § 924(c) conviction purposes and is further supported by his guilty plea and factual proffer, the district court did not err in denying his § 2255 motion.

Williams's argument that this Court should assume that his § 924(c) conviction rests on the least culpable offense, *i.e.*, the

20-13059                 Opinion of the Court                         5

Hobbs Act robbery conspiracy, under the categorical approach is inapposite because that assumption does not apply in this context. Similarly, his argument that *Granda* is inapplicable because it was decided erroneously is also without merit given that we must follow *Granda*'s holdings as they are binding. Finally, because this case did not involve a jury trial, Sixth Amendment concerns are not germane here. Therefore, we affirm.

    **AFFIRMED.**