[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14440

Non-Argument Calendar

_____

ANTONIO ROSELLO,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:20-cv-21118-FAM,
1:95-cr-00114-FAM-3

————————————

Before WILLIAM PRYOR, Chief Judge, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Antonio Rosello, a federal prisoner, appeals the denial of his successive motion to vacate his convictions for conspiring to use and carry and for using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), (o). *See* 28 U.S.C. § 2255. Rosello obtained leave to file his motion seeking a vacatur based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019). The district court ruled that Rosello procedurally defaulted his argument for relief. We affirm.

## I. BACKGROUND

On November 14, 1994, Juan Nunez drove Rosello, Lazaro Veliz, and Ezequiel Ferrer to Brain Power Incorporated in Miami, Florida, to rob a Wells Fargo armored car. The three robbers exited their vehicle wielding guns and wearing ski masks, bulletproof vests, and latex gloves. Ferrer aimed his gun at the Wells Fargo messenger after he opened the door from the interior of the armored car. The messenger struggled with Ferrer until Veliz pulled the messenger outside, and Rosello held the messenger at gunpoint while Ferrer and Veliz climbed into the rear of the armored car. Its driver shot at Ferrer and Veliz through the partition, and when they returned fire, a bullet struck the driver's arm. Rosello, Veliz,

and Ferrer fled the scene with the assistance of two getaway drivers and then divided up stolen checks, credit card receipts, foreign currency, and $1,873,681 in United States currency, including $47,099 in food stamps. Later, a cooperating defendant provided information that led to the apprehension of the robbers and the recovery of some of the stolen property.

A jury convicted Rosello of conspiring to commit and of committing a Hobbs Act robbery, 18 U.S.C. §§ 2, 1951, of conspiring to use and carry and of using and carrying a firearm during and in relation to a crime of violence, *id.* §§ 2, 924(c), 924(o), and of money laundering, *id.* §§ 2, 1956(a)(1)(B). Rosello's indictment listed both Hobbs Act charges as predicate offenses for the firearm charges.

The district court instructed the jury that Rosello was charged with having "knowingly and willfully conspired together [with his coconspirators] to obstruct, delay and effect commerce" "[b]y robbery of armored car messengers and drivers" and with having "affected commerce by robbing armored car messengers and drivers." The district court also instructed the jury that Rosello was charged "with a conspiracy to use and carry firearms during and in relation to a crime of violence" and with "the commission of using and carrying firearms during and in relation to a crime of violence" as that "relate[d] to the counts alleging the robberies." The district court stated that the substantive firearm offense had to "relate[] to another crime of violence" and "ha[d] to include [one

of the] Counts" "involving the robbery." The jury found Rosello guilty of the firearm offenses in a general verdict.

The district court sentenced Rosello to 45 years of imprisonment. The district court imposed consecutive sentences of 20 years for Rosello's crimes of conspiring to commit and of committing Hobbs Act robbery. *Id.* §§ 2, 1951. And the district court imposed a 20-year sentence for conspiring to use and carry a firearm to run concurrent with Rosello's other sentences, *id.* § 924(o), and a statutory mandatory consecutive sentence of five years for using and carrying a firearm, *id.* § 924(c).

Rosello challenged his convictions and sentence, without success, on direct appeal. *United States v. Rosello*, 250 F.3d 746 (11th Cir.), *cert. denied*, 532 U.S. 1030 (2001). After Rosello filed a motion to vacate, which the district court denied, we denied him a certificate of appealability. *United States v. Rosello*, 103 F. App'x 667 (11th Cir. 2004). Rosello also applied for leave to file a second motion based on *Johnson v. United States*, 576 U.S. 591 (2015), but we denied his application and explained that "§ 924(c)'s residual clause is not implicated here because [the firearm] convictions were supported by [his] conviction for Hobbs Act robbery by 'use of actual and threatened force, violence, and fear of injury,' in violation of 18 U.S.C. § 1951." *In re Antonio Rosello*, No. 16-13529 (11th Cir. July 1, 2016).

We later granted Rosello leave to file a successive motion to vacate that challenged the validity of his firearm offenses based on *United States v. Davis*, 139 S. Ct. 2319 (2019). *See* 28 U.S.C.

§ 2255(h)(2). We ruled that Rosello "made a *prima facie* showing that his claim as to § 924(c) and § 924[(o)] convictions satisfies the statutory criteria of § 2255(h)(2) on the basis that those convictions may be unconstitutional . . . as he potentially was sentenced under the now-invalid residual clause of § 924(c)(3)(B)."

Rosello moved to vacate his two firearm convictions. 28 U.S.C. § 2255. He argued that the district court had to presume that the convictions rested upon the least of his criminal acts, which was conspiracy to commit Hobbs Act robbery, and that offense was not a crime of violence that could support his firearm convictions. The government opposed Rosello's arguments for relief.

The district court denied Rosello's motion. The district court ruled that Rosello's argument was procedurally defaulted and that he could not establish cause or prejudice to excuse his default or prove he was actually innocent. Alternatively, the district court ruled that any error regarding the jury's reliance on Hobbs Act conspiracy was harmless because it was inextricably intertwined with Hobbs Act robbery and the jury had been instructed that its firearm verdicts could be based on either Hobbs Act charge. The district court issued Rosello a certificate of appealability as to "whether the procedural default rule bars relief in this case as set forth in *Granda v. United States*, 997 F.3d 1272 (11th Cir. 2021)."

## II. STANDARD OF REVIEW

The application of the doctrine of procedural default to a motion to vacate presents a mixed question of fact and law, which we review *de novo*. *Granda*, 990 F.3d at 1286.

## III. DISCUSSION

A federal prisoner can move to vacate, set aside, or correct his sentence on the "ground that . . . sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The motion for collateral relief is subject to the doctrine of procedural default. *Granda*, 990 F.3d at 1280. That doctrine bars a defendant from obtaining postconviction relief based on an argument that he could have raised at trial and on direct appeal. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). The defendant can overcome the bar by establishing cause and prejudice to excuse his procedural default or he can avoid the bar by establishing that the alleged sentencing error is jurisdictional. *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020).

The Supreme Court has limited challenges to subject-matter jurisdiction to the district "courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). The district courts have power to adjudicate "all offenses against the laws of the United States." 18 U.S.C. § 3231. "So [as] long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it

alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014).

Rosello's argument about a *Davis* error is not jurisdictional. "A jurisdictional defect is one that strips the court of its power to act and makes its judgment void." *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (internal quotation marks omitted and alterations adopted). Although, after *Davis*, 139 S. Ct. 2319, and *Brown*, 752 F.3d at 1354, Rosello's conviction for Hobbs Act conspiracy no longer qualifies as a crime of violence, the invalidation of that predicate offense did not divest the district court of the power to adjudicate Rosello's criminal charges. His indictment alleged violations of federal laws that prohibit conspiring to use and carry and using and carrying a firearm during and in relation to a crime of violence, conspiring to commit and committing Hobbs Act robbery, and money laundering. 18 U.S.C. §§ 2, 924(c), 924(o), 1951, 1956(a)(1)(B). And his indictment alleged the valid predicate offense of Hobbs Act robbery. *See In re Navarro*, 931 F.3d 1298, 1299, 1302 (11th Cir. 2019).

As Rosello concedes, *Granda* controls this appeal. Rosello procedurally defaulted and "cannot collaterally attack his conviction on a vagueness theory" he failed to advance at trial or on direct appeal. *See Granda*, 990 F.3d at 1285–86. Like the movant in *Granda*, Rosello challenged the validity of his firearms convictions based on *Davis*. *See id.* at 1281–83. And Rosello's indictment also alleged predicate offenses that were crimes of violence, one of

which was invalid but the other of which was valid. *See id.* at 1281. And like the movant in *Granda*, Rosello's jury returned a general guilty verdict after being instructed that they could convict on finding that the firearm offenses were committed during or in relation to either Hobbs Act conspiracy or Hobbs Act robbery. *See id.* at 1280.

*Granda* forecloses Rosello's argument that he can establish cause and prejudice to overcome his procedural default. Rosello possessed at the time of his direct appeal "the building blocks . . . [to make] a due process vagueness challenge to the § 924(c) residual clause." *See id.* at 1286–88. And Rosello cannot prove actual prejudice to excuse his procedural default. "[I]t is not enough for [Rosello] to show that the jury may have relied on the . . . Hobbs Act conspiracy conviction as the predicate for his [firearm] conviction[s]; [he] must show at least a 'substantial likelihood'" "that the jury relied *only* on the [conspiracy] conviction, because reliance on . . . [Hobbs Act robbery] would have provided a wholly independent, sufficient, and legally valid basis to convict" him of the firearm offenses, 18 U.S.C. § 924(o), (c). *Granda*, 990 F.3d at 1288. Rosello's "predicates are inextricably intertwined, arising out of the same . . . robbery scheme." *See id.* at 1280. Rosello arrived with a gun that he used to force a Wells Fargo employee to relent to the robbery of his armored car. The jury necessarily must have found that Rosello conspired to use and carry and used and carried a firearm during and in relation to the conspiracy to commit a Hobbs Act

robbery as well as during and in relation to the Hobbs Act robbery. *See id.* at 1289.

Rosello's argument that actual innocence excuses his procedural default also fails. To "keep the actual innocence exception narrow, and ensure that this exception remains 'rare' and is only applied in the 'extraordinary case'" as the Supreme Court has instructed, a movant must establish that he is factually innocent of the crime that serves as the predicate offense for a sentence enhancement. *McKay*, 657 F.3d at 1199; *see Granda*, 990 F.3d at 1292. Rosello argues that he is innocent of the firearm offenses due to the invalidity of his predicate offense. But we do not "extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." *McKay*, 657 F.3d at 1199. As Rosello concedes, our precedents foreclose his claim of actual innocence.

## IV. CONCLUSION

We **AFFIRM** the denial of Rosello's motion to vacate.